1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                         EASTERN DISTRICT OF CALIFORNIA

9

10   ANA HER,                                    Case No.   1:24-cv-00906-EPG

11                     Plaintiff,                FINAL JUDGMENT AND ORDER
                                                 REGARDING PLAINTIFF'S SOCIAL
12          v.                                   SECURITY COMPLAINT

13   COMMISSIONER OF SOCIAL                      (ECF Nos. 11, 13).
     SECURITY,
14
                      Defendant.
15

16

17          This matter is before the Court on Plaintiff Ana Her's ("Plaintiff") complaint for judicial

18   review of an unfavorable decision by the Commissioner of the Social Security Administration

19   regarding her applications for disability insurance benefits and supplemental security income. The

20   parties have consented to entry of final judgment by the United States Magistrate Judge under the

21   provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit.

     (ECF No. 9).
22
            Plaintiff raises the following issue:
23
            A.  The Administrative Law Judge ("ALJ") improperly discounted the opinion of
24
                Plaintiff's treating psychiatrist, Dr. Michael Thao, M.D.
25
            Having reviewed the record, administrative transcript,[1] parties' briefs, and the applicable
26

27   _____

     [1] ECF No. 10-1 comprises the sealed Administrative Record ("AR"). When citing to the record, the Court
28   cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the
     CM/ECF document number and page.

                                                     1

1    law, the Court finds as follows.

2    **I.    ANALYSIS**

3        Plaintiff asserts that the ALJ's mental residual functional capacity ("RFC") determination

4    is based on legal error and not supported by substantial evidence because the ALJ erred in her

5    consideration of the opinion of Dr. Michael Thao, M.D. (ECF No. 11 at 8–13). In response, the

6    Commissioner argues that the ALJ properly evaluated Dr. Thao's opinion. (ECF No. 13 at 4–11).

7        Dr. Thao was Plaintiff's treating psychiatrist at the Fresno Center, with the record

8    indicating that he saw Plaintiff four times during 2022 and 2023 (specifically, Feb. 14, 2022, Mar.

9    10, 2022, Aug. 8, 2022; and Aug. 28, 2023). (AR 529–33). On September 22, 2022, Dr. Thao

10   completed a mental RFC questionnaire in which he diagnosed Plaintiff with major depressive

11   disorder and posttraumatic stress disorder. (AR 473). Dr. Thao indicated that Plaintiff was taking

12   medication for her physical and mental impairments. (Id.) As a result of her mental impairments

13   in particular, Dr. Thao opined that Plaintiff's limitations would preclude performance for 15% or

     more of an 8-hour workday in the following areas:
14
          - understand, remember, and carry out detailed instructions;
          - maintain attention and concentration for extended periods;
15        - sustain an ordinary routine without special supervision;
          - complete a normal workday and workweek without interruptions from
16          psychologically based symptoms, and perform at a consistent pace without an
            unreasonable number and length of rest periods; and
17        - accept instructions and respond appropriately to critics from supervisors.

18   (AR 473–74). Dr. Thao additionally opined that Plaintiff's limitations would preclude

19   performance for 10% of an 8-hour workday in the following areas:

20        - remember locations and work-like procedures;
          - understand, remember, and carry out very short and simple instructions;
21        - perform activities within a schedule, maintain regular attendance, and be
            punctual and within customary tolerances;
22        - interact appropriately with the general public;
          - get along with coworkers or peers without distracting them or exhibiting
23          behavioral extremes;
          - maintain socially appropriate behavior and to adhere to basic standards of
24          neatness and cleanliness;
25        - respond appropriately to change in the work setting; and
          - travel in unfamiliar places or use public transportation.
26
     (Id.) Dr. Thao also opined that Plaintiff's limitations would preclude performance for 5% of an 8-
27
     hour workday in the following areas:
28

1         -   work in coordination with or in proximity to others without being distracted by
2             them;
    -   make simple work-related decisions;
3         -   be aware of normal hazards and take appropriate precautions; and
    -   set realistic goals or make plans independently of others.

4     (Id.) Finally, Dr. Thao opined that as a result of her mental impairments, Plaintiff would be

5     unable to complete an 8-hour workday more than five days per month and that she would have

6     more than five unplanned absences per month. (AR 475).

7           The ALJ determined that Dr. Thao's opinion was not persuasive, stating as follows in her

8     written decision:

> On September 22, 2022, psychiatrist Michael Thao, M.D. indicated he was seeing the claimant monthly for major depressive disorder and PTSD. The claimant was taking Mirtazapine. The claimant had side effects of drowsiness, weakness, fatigue, and muscle soreness. He opined that in every area of memory and understanding, the claimant was precluded from performance for 10% or for 15% or more of an eight-hour workday. He noted that the claimant very easily forgets detailed instructions (Exhibit B7F, p. 1). He opined that in most areas of sustained concentration and memory, the claimant was precluded from performance for 15% or more of an eight-hour workday. In most aspects of social interaction, the claimant was precluded from performance for 10% of an eight-hour workday, and in some aspects of adaptation, the claimant was precluded from performance for 10% of an eight-hour workday (Exhibit B7F, p. 2). He opined that the claimant would be absent from work for five days or more a month due to her impairments. She would be likely unable to complete an eight-hour workday for five days or more a month. He opined that these limitations began on November 17, 2021 (Exhibit B7F, p. 3). These limitations, if accepted, would preclude full-time work. The opinion of Dr. Thao is not persuasive. It is not supported by his own mental status observations, such as normal appearance, speech, behavior, and cognition, the claimant being fully oriented and alert, and having rational thought process (e.g. Exhibit B12F, 2-6). The level of limitation that he described is also not consistent with her limited mental health treatment, which included some therapy and medication management, but no indication of decompensation or crises (Exhibit B12F).

22    (AR 27).

23          Plaintiff argues that the ALJ's assessment of Dr. Thao's opinion was legally erroneous

24    and not supported by substantial evidence because the ALJ cherry-picked "normal findings while

25    ignoring Dr. Thao's abnormal findings in the course of treatment." (ECF No. 11 at 11). The

26    Commissioner counters that the ALJ properly evaluated Dr. Thao's opinion under the applicable

27    regulations and reasonably found the "opinion to be unpersuasive because it lacked support from

28    [Dr. Thao's] own treatment observations, and . . . was not consistent with the remainder of

1    Plaintiff's mental health treatment." (ECF No. 13 at 10).

2        Because Plaintiff applied for benefits in 2020, certain regulations concerning how ALJs

3    must evaluate medical opinions for claims filed on or after March 27, 2017, govern this case. See

4    20 C.F.R. §§ 404.1520c, 416.920c. These regulations set "supportability" and "consistency" as

5    "the most important factors" when determining an opinion's persuasiveness. See 20 C.F.R. §§

6    404.1520c(b)(2), 416.920c(b)(2). And although the regulations eliminate the "physician

7    hierarchy," deference to specific medical opinions, and assignment of specific "weight" to a

8    medical opinion, the ALJ must still "articulate how [he or she] considered the medical opinions"

9    and "how persuasive [he or she] find[s] all of the medical opinions." See 20 C.F.R. §§

10   404.1520c(a)-(b); 416.920c(a)-(b).

11       As for the case authority preceding the new regulations that required an ALJ to provide

12   clear and convincing or specific and legitimate reasons for rejecting certain medical opinions, the

13   Ninth Circuit has concluded that it does not apply to claims governed by the new regulations:

> The revised social security regulations are clearly irreconcilable with our caselaw
> according special deference to the opinions of treating and examining physicians
> on account of their relationship with the claimant. See 20 C.F.R. § 404.1520c(a)
> ("We will not defer or give any specific evidentiary weight, including controlling
> weight, to any medical opinion(s) . . ., including those from your medical
> sources."). Our requirement that ALJs provide "specific and legitimate reasons"
> for rejecting a treating or examining doctor's opinion, which stems from the
> special weight given to such opinions, see Murray, 722 F.2d at 501–02, is likewise
> incompatible with the revised regulations. Insisting that ALJs provide a more
> robust explanation when discrediting evidence from certain sources necessarily
> favors the evidence from those sources—contrary to the revised regulations.

20   Woods v. Kijakazi, 32 F.4th 785, 792 (9th Cir. 2022).

21       Accordingly, under the new regulations, "the decision to discredit any medical opinion,

22   must simply be supported by substantial evidence." Id. at 787. Substantial evidence means "more

23   than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 402 (1971), but less than a

24   preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such

25   relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

26   Richardson, 402 U.S. at 401 (internal citation omitted).

27       In conjunction with this requirement, "[t]he agency must 'articulate . . . . how persuasive'

28   it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b),

4

1    and 'explain how [it] considered the supportability and consistency factors' in reaching these

2    findings, id. § 404.1520c(b)(2)." Woods, 32 F.4th at 792.

3            Supportability means the extent to which a medical source supports the medical
        opinion by explaining the "relevant . . . objective medical evidence." Id. §
4        404.1520c(c)(1). Consistency means the extent to which a medical opinion is
        "consistent . . . with the evidence from other medical sources and nonmedical
5        sources in the claim." Id. § 404.1520c(c)(2).

6    Id. at 791–92.

7            With these standards in mind, the Court finds no error. As to supportability, the ALJ

8    determined that Dr. Thao's opined limitations were not supported by his own treatment notes. In

9    particular, the ALJ pointed to Dr. Thao's mental status examination findings which showed that

10    Plaintiff generally presented with "normal appearance, speech, behavior, and cognition, . . . fully

11    oriented and alert, and having rational thought process." (AR 27). This finding is supported by

12    substantial evidence—there are only four treatment visits with Dr. Thao in the record, and during

13    each of those visits, Dr. Thao observed that Plaintiff's mental status was largely within normal

14    limits. (See AR 529 (normal mental status examination findings aside from restricted mood in

15    August 2023); AR530 (normal mental status examination findings aside from restricted affect in

16    August 2022); AR 531 (normal mental status examination findings aside from mood/affect in

17    March 2022); AR 532–33 (normal examination findings aside from restricted affect in February

     2022)).

18            As to the consistency factor, the ALJ concluded that Dr. Thao's opined limitations were

19    inconsistent with the remainder of Plaintiff's mental health treatment. See Woods, 32 F.4th at 793

20    (upholding decision to find opinion unpersuasive "because it was inconsistent with the overall

21    treating notes and mental status exams in the record"). The ALJ observed that Plaintiff's

22    treatment was limited to therapy and medication management, with no record of decompensation

23    episodes or mental health crises. (AR 27).

24            Moreover, it is worth noting that Dr. Thao's opinion was just one of the multiple medical

25    opinions that the ALJ reviewed for purposes of determining whether Plaintiff had any disabling

26    mental impairments. Elsewhere in her decision, the ALJ discussed Dr. Thao's treatment records

27    at length and compared his examination findings with other evidence, including the opinions of

28    state agency consultants and a psychiatric consultative examiner. (AR 25–27). Notably, the ALJ

found that the state agency consultants' findings were consistent with "the observations from Dr. Thao that her appearance, speech, behavior, and cognition were within normal limits, with fair – good hygiene / grooming, being fully oriented and alert, and with logical or rational thought process" and the "lack of treatment for acute psychiatric crises." (AR 26–27). The ALJ also stated that the opinions of the state agency consultants accounted for the "restricted and anxious affect, but otherwise grossly normal mental status findings" that Dr. Thao observed during his treatment of Plaintiff. (Id. at 27).

While Plaintiff argues that other evidence could support a different conclusion as to degree of her mental impairments and the persuasiveness of Dr. Thao's opinion, this at most amounts to another "rational interpretation," meaning that "the decision of the ALJ must be upheld." Orteza v. Shalala, 50 F.3d 748, 749 (9th Cir. 1995); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); Ahearn v. Saul, 988 F.3d 1111, 1115 (9th Cir. 2021) (stating that the Court "may not reweigh the evidence or substitute [its] judgment for that of the ALJ").

Accordingly, the Court concludes that the ALJ's evaluation of Dr. Thao's opinion is supported by substantial evidence.

## II.    CONCLUSION AND ORDER

Based on the foregoing, the decision of the Commissioner of Social Security is affirmed. The Clerk of Court is directed to enter judgment in favor of the Commissioner of Social Security and to close this case.

IT IS SO ORDERED.

Dated:    **February 4, 2025**                    /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE